CORNELIUS G. KOLFF *vs.* ST. PAUL FUEL EXCHANGE *et al.*

Submitted on briefs Jan. 15, 1892. Decided Jan. 25, 1892.

**By-Laws Unauthorized by the Charter.**—Certain by-laws of a corporation held to be *ultra vires.* Mere failure of a stockholder to object to void by-laws until an attempt is made to enforce them against him does not estop him to object to them.

**Injunction.**—A stockholder may have injunction where the proposed unauthorized action of the corporation or its directors will prejudice his rights as a stockholder.

Appeal by defendants from an order of the district court, Ramsey county, *Brill,* J., made April 30, 1891, overruling their demurrer to the complaint.

Action by Cornelius G. Kolff, plaintiff, against the St. Paul Fuel Exchange and its directors, to restrain them from trying him for a violation of certain by-laws of the corporation. Its charter and by-laws were copied into and made part of the complaint, and, so far as material, are stated in the opinion. The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and they appealed.

*Henry C. James,* for appellants.

*Kueffner & Fauntleroy,* for respondent.

GILFILLAN, C. J. The defendants are a corporation and the directors of a corporation formed, as stated in its articles of incorporation, for the business of "buying, selling, and dealing in all kinds of coal, wood, and charcoal, and to otherwise use and dispose of the same, and to lease and purchase such land and buildings as may be necessary for such business, and to buy, sell, and deal in all kinds of fuel, and to do any and all things that may legally be done to promote the interest of this corporation and its stockholders." The capital stock is $10,000, divided into shares of $50 each, of which plaintiff holds one. One of the by-laws (article twenty three [23]) requires of each member to deposit $200 as a guaranty that he will abide by the rules and regulations of the corporation, which deposit

plaintiff has made. Another by-law (article nineteen [19]) provides for preferring charges against members for violation of the by-laws, rules, and regulations, and for hearing of the same by the board of directors, whose decision it declares shall be absolute, final, and without appeal. It authorizes the board to impose for each offense a fine not exceeding $200 upon a retail dealer, and $1,000 upon a shipper, and declares that, until paid, the member shall be in default, and debarred from the privileges and benefits of the exchange. Article seven (7) provides, among other things, that the board "shall from time to time fix and determine the prices of coal and wood; and the decision of a majority of said board of directors shall be final as to prices, terms, and conditions for the sale of coal and wood." Article twenty five (25) provides: "No member of this exchange shall be permitted to have more than one office for the sale of fuel within the limits of the city of St. Paul in addition to yard offices or offices located at receiving points." There are other by-laws similar in character to articles seven (7) and twenty-five, (25,) and, construing them together with seven (7) and twenty-five, (25,) it is apparent that all the regulations and prohibitions as to buying and selling coal and wood and fixing prices are intended to apply, not to any business of buying and selling by the corporation, but to control and regulate the members in their separate, individual business. The corporation never entered upon, nor attempted to do, any business in the way of buying and selling fuel. In June, 1890, there were made, and when this action was brought the board of directors was about to hear, charges against plaintiff for violating article seven (7) in "(1) advertising the present low prices of coal by card and otherwise, after a rule prohibiting this had been established by the board of directors, and, under date of May 27, 1890, declaring, over his own signature, that he would not be bound by such rule; and (2) advertising a discount in prices of coal and wood for cash; making such reductions over the counter in his 4th St. office;" and for violating article twenty-five, (25,) in "having offices for the sale of coal and wood scattered over the city of St. Paul." The action is for the purpose of enjoining the defendants from proceeding upon those charges.

It is unnecessary to consider whether the by-laws are contrary to public policy and void, because in restraint of trade, and it is also unnecessary to consider whether a corporation might be formed for the purposes indicated by the by-laws. It is enough for the purposes of this action that the by-laws under which the board purpose to hear the charges against plaintiff, and to disfranchise him in case he refuses to pay such fine as it may impose, are wholly outside of anything authorized by the articles of incorporation. There is nothing in the articles to suggest power in the corporation to interfere with, regulate, or control the stockholders in the conduct of their separate, individual business. Because the by-laws we have referred to assume to do this, they are beyond the scope of the purposes of the corporation expressed in the articles of incorporation which are its constitution, and set the limit to its power, and are void. It does not appear that the plaintiff took any part in enacting the by-laws, or has ever assented to their being applied to him. His failure to object to them until the board attempted to enforce them against him works no estoppel; certainly not where it does not appear that others have been misled by his silence. *Stewart* v. *Erie & W. Transp. Co.,* 17 Minn. 372, (Gil. 348;) *Bergman* v. *St. Paul Mut. Bldg. Ass'n,* 29 Minn. 275, (13 N. W. Rep. 120.) That injunction is the proper remedy, where the proposed unauthorized action of the corporation or directors will prejudice the stockholders' rights as such, see those cases.

Order affirmed.

(Opinion published 50 N. W. Rep. 1086.)